IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE D. FLAGG-EL, #310 705, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-909-WHA |
| | ) | [WO] |
| HOUSTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending on a complaint filed by Plaintiff, an inmate currently incarcerated at the Houston County Jail in Dothan, Alabama, challenging numerous conditions of confinement at the county jail.   Plaintiff seeks class certification.  Doc. No. 1 at 9. Specifically, Plaintiff requests he and the other inmate signatories to the complaint and domiciled at the Houston County Jail be determined proper representatives of the class "in this class action 42 U.S.C. § 1983 lawsuit." *Id.* The court, therefore, considers this document to contain a motion to certify class under Rule 23, Federal Rules of Civil Procedure.  Upon consideration of the motion to certify case as a class action, the court concludes this motion is due to be denied.

Plaintiff is a *pro se* inmate unschooled in the law who seeks to represent the interests of the putative class.  Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class."  Rule 23(a)(4), *Federal Rules of Civil Procedure*.  While a *pro se* litigant may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals.  The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975);

*Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); Ethnic Awareness Organization v. Gagnon, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980).

The court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief.  Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*.  The court further finds the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits and the questions of fact common to the proposed class members—inmates currently incarcerated at the Houston County Jail—do not predominate over such questions.  Rule 23(b)(3), *Federal Rules of Civil Procedure*.  *See also Inmates, Washington County Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action and finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even without granting the request to certify case as a class action).  The court concludes that Plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion to certify case as a class action (Doc. 1) be DENIED; and

2.  This case be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before December 16, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 2nd day of December 2019.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE